# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-07-00410-CV

---

**City of Austin, Appellant**

**v.**

**Savetownlake.Org, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-07-000596, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This interlocutory appeal arises from a suit for declaratory judgment and injunction brought by appellee Savetownlake.org ("Savetownlake") against the appellant City of Austin for an alleged violation of the Texas Open Meetings Act and state and federal due process rights. *See* Tex. Gov't Code Ann. §§ 551.001-.146 (West 2004 & Supp. 2007). The City appeals from the trial court's denial of the City's plea to the jurisdiction. Because we find no error in the trial court's order denying the City's plea, we affirm the order.

## BACKGROUND

Savetownlake is a non-profit organization, whose mission is to protect and preserve Town Lake and the Town Lake Corridor. Savetownlake brought suit against the City seeking

a declaratory judgment that the 1999 recodification of the Land Development Code[1] was void because, in adopting the 1999 recodification, the City violated the Texas Open Meetings Act and state and federal due process rights. Savetownlake claims that the meeting agenda posted by the City in 1999 violated the open meetings act because it failed to properly list the items to be discussed during the meeting. Specifically, Savetownlake contends that the agenda listed the 1999 recodification as a non-substantive, plain English, recodification of the City's Land Development Code, when, in fact, the City made substantive revisions to the code, including the repeal and elimination of height restrictions in the Water Overlay District and rights of appeal to the Planning Commission and City Council.

The City filed a plea to the jurisdiction arguing, among other things, that Savetownlake lacked direct or associational standing, that Savetownlake's claims were not ripe, that enjoining a legislative vote violates separation of powers, and that sovereign immunity bars Savetownlake's claims. Savetownlake filed an amended petition, and the trial court held a hearing on the City's plea.[2] During the hearing, the City amended its jurisdictional arguments in response to Savetownlake's amended petition and abandoned the argument that enjoining a legislative vote violates separation of powers, but added the argument that the allegations in Savetownlake's petition were false and fabricated to confer jurisdiction because the 1999 recodification did not make the two

---

[1] The City of Austin Land Development Code and all ordinances can be found on the City's website www.ci.austin.tx.us.

[2] On the day of the hearing, Savetownlake filed a second amended petition, and the record reflects that this second amended petition was considered by the trial court during the hearing.

substantive revisions alleged by Savetownlake.[3] In support of this new argument, the City submitted copies of the relevant statutes to the trial court as evidence of "jurisdictional facts." The City also argued that Savetownlake's claims were barred by the validation statute in section 51.003 of the Texas Local Government Code.[4] *See* Tex. Loc. Gov't Code Ann. § 51.003 (West 2008).

At the conclusion of the hearing, the trial court took the matter under advisement, but then denied the City's plea to the jurisdiction. The trial court's order stated:

> Came on to be heard the City of Austin's ("City") Plea to the Jurisdiction, Plaintiff's Response thereto and the City's unsolicited letter brief, post hearing. After reviewing the same, and after hearing the arguments of counsel, the Court finds that the City's Plea to the Jurisdiction should be denied and that the oral arguments of the City regarding its request to dismiss this case are more appropriately raised in a summary judgment motion.

This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (West Supp. 2007) (providing for interlocutory appeal of an order denying a governmental entity's plea to the jurisdiction).

---

[3] The City argued that the rights of appeal about which Savetownlake complained were eliminated from the Land Development Code in a 1998 revision, not in the 1999 recodification. The City also argued that the 1986 Land Development Code never provided for height restrictions in the Water Overlay District, but instead provided for height "bonuses," and the 1999 recodification therefore could not have eliminated something that never existed in the first place.

[4] Enacted by the legislature in 1999, section 51.003 of the local government code provides, with few exceptions, that a governmental act or proceeding by a municipality is conclusively presumed to be valid as of the date it occurred if no lawsuit has been filed to annul or invalidate the municipal act or proceeding within three years. *See* Tex. Loc. Gov't Code Ann. § 51.003 (West 2008). Although the City cites the validation statute in footnote 1 of the "Statement of Facts" portion of its brief, the City does not otherwise brief or argue this issue on appeal.

**DISCUSSION**

The City raises four issues on appeal. Specifically, the City contends that the trial court erred in denying the City's plea to the jurisdiction because: (1) appellee's false allegations do not confer subject matter jurisdiction; (2) appellee failed to present evidence of standing; (3) appellee failed to raise a justiciable controversy; and (4) appellee failed to establish facts to defeat the City's sovereign immunity. For the reasons set forth below, we reject the City's arguments and affirm the trial court's order denying the City's plea to the jurisdiction.

***Standard of Review***

We review the trial court's ruling on a plea to the jurisdiction *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To make this determination we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Id.* Where the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be given an opportunity to amend. *Miranda*, 133 S.W.3d at 227. If the pleadings affirmatively negate

4

the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

In contrast, if a plea to the jurisdiction challenges the truth or existence of jurisdictional facts, we consider relevant evidence submitted by the parties in order to resolve the jurisdictional issues. *See Bland*, 34 S.W.3d at 555 (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction. *Miranda*, 133 S.W.2d at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court may decide the plea to the jurisdiction as a matter of law. *Id.* at 228.

When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we apply a standard similar to that applied in a summary judgment. *Id.* We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

### *False Allegations*

In its first issue, the City argues that the trial court erred in denying the plea to the jurisdiction because the allegations in Savetownlake's second amended petition were false or fabricated to confer jurisdiction.[5] We construe the City's claim to be that the allegations in

---

[5] We agree with Savetownlake that the City raises this issue for the first time on appeal. Because this argument challenges the trial court's subject matter jurisdiction, it may be raised for the

Savetownlake's petition were made in bad faith or were fraudulently made to confer jurisdiction. Notwithstanding this claim, the City's argument misconstrues the standard of review for a plea to the jurisdiction.

The crux of the City's claim is that Savetownlake has falsely alleged that an open meetings violation occurred in 1999. During the hearing on the City's plea to the jurisdiction, the City submitted copies of the relevant statutes to the trial court in support of the City's claim that the allegations in Savetownlake's petition were false.[6] The thrust of the City's argument was not that Savetownlake's allegedly false allegations deprived the trial court of jurisdiction, but that Savetownlake was time barred under the validation statute, *see* Tex. Local Gov't Code Ann. § 51.003, from bringing its claims now. The City argues on appeal that the statutory changes about which Savetownlake complains did not occur in 1999, when the City adopted the nonsubstantive recodification, but instead occurred in 1998, or, in the case of height restrictions, never occurred at all because such restrictions were not part of the original statute. The City's argument assails not the jurisdiction of the trial court, but rather the merits of Savetownlake's claim that an open meetings violation occurred.

While it is true that a trial court may consider evidence of jurisdictional facts when necessary to resolve the jurisdictional issue, *see Miranda*, 133 S.W.3d at 227-28, the supreme court has cautioned in *Bland* that a trial court is not authorized to inquire so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction.

first time on appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

[6] The City has submitted this same evidence in an appendix attached to its brief on appeal.

6

34 S.W.3d at 554-55. The supreme court has also specified in *Miranda*, as well as *Bland*, that when a plea to the jurisdiction requires the examination of evidence, a trial court may exercise its discretion "in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case." *See Miranda*, 133 S.W.2d at 227; *Bland*, 34 S.W.3d at 554. This Court has likewise held that a plea to the jurisdiction cannot be sustained "where the contention is to the effect that the plaintiff has falsely stated a claim, which, in fact, is nonexistent, for this is a matter of defense on the merits." *Bernard Hanyard Enters., Inc. v. McBeath*, 663 S.W.2d 639, 642 (Tex. App.—Austin 1983, writ ref'd n.r.e.); *see also Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 673 (Tex. App—Houston [14th Dist.] 2006, pet. denied) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000) (quoting 21 C.J.S. Courts § 16 at 23 (1990)) ("'The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'")).

The trial court's order in this case expressly found that the City's arguments "are more appropriately raised in a summary judgment motion." In its second amended petition, Savetownlake alleges that the City violated the open meetings act. In its plea to the jurisdiction, the City argues that no violation of the open meetings act occurred. Based on the record before us, we conclude that the trial court properly exercised the discretion it has under *Miranda* and *Bland* to require a "fuller development of the case." *See Miranda*, 133 S.W.3d at 227; *Bland*, 34 S.W.3d at 554. We reject the City's argument and overrule issue one.

7

*Standing*

In its second issue, the City asserts that the trial court's denial of its plea to the jurisdiction was error because Savetownlake failed to introduce any evidence of standing. We disagree.

We construe the City to argue that Savetownlake has not alleged sufficient facts in its pleadings to demonstrate standing. In reviewing a challenge to the pleadings, we take the plaintiff's allegations as true, and construe the pleadings liberally in favor of jurisdiction. *See Miranda*, 133 S.W.3d at 227-28. To prevail on its plea to the jurisdiction, the City must show that even if all of the allegations in Savetownlake's petition are taken as true, there is an incurable jurisdictional defect on the face of the pleadings that deprives the trial court of jurisdiction to hear the case. *See id.* at 226-27; *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.). The City has not met this burden.

In its second amended petition, Savetownlake seeks a declaratory judgment that the City violated the open meetings act. Savetownlake avers that it is "a non-profit organization under the Texas Non-Profit Organization Act" with its principal place of business in Austin, Texas. The second amended petition further states:

> The mission of Savetownlake.org is to protect and preserve Austin's precious resource: Town Lake and the Town Lake Corridor. Savetownlake.org supports responsible development along the Town Lake Corridor while promoting public awareness of the City's highest regulatory standards. Savetownlake.org advocates for strong adherence to current City code, especially the Waterfront Overlay established in 1986. One of Savetownlake.org's goals is to maintain the integrity of the Town Lake Corridor for all of Austin.

8

Savetownlake avers that it is an "interested party" as defined in section 25-1-131 of the City's Land Development Code with regard to the two site plan applications more commonly known as "222 E. Riverside" and "300 E. Riverside," and that its members own real property and/or operate businesses within 500 feet of these projects. Savetownlake also avers that its members are "'interested parties' as defined by the City of Austin ordinances" and that its members will be adversely affected by the proposed redevelopment of these two projects. Finally, Savetownlake asserts that it is an interested party under section 551.002 of the Texas Open Meetings Act.

The supreme court has established the requirements for associational standing in *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440 (Tex. 1993). To demonstrate standing, an association must show that (1) its members have standing to sue in their own right; (2) the interests are germane to the association's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Id.* at 447-48 (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). Moreover, the open meetings act allows an "interested person" to bring suit to correct a violation of the act. *See* Tex. Gov't Code Ann. § 551.142(a) (West 2004); *Hays County Water Planning P'ship v. Hays County*, 41 S.W.3d 174, 178 (Tex. App.—Austin 2001, pet. denied). Consistent with its purpose, courts have broadly interpreted standing under the open meetings act. *See Cox Enters., Inc. v. Board of Trustees of the Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986); *Hays County Water*, 41 S.W.3d at 178. Because the open meetings act protects "members of the interested public," Savetownlake need not show special injury or an interest different from that of the general public to bring suit under the open meetings act. *See City of San Antonio v. Fourth Court of*

9

*Appeals*, 820 S.W.2d 762, 765 (Tex. 1991). Based on the allegations in its second amended petition, we conclude that Savetownlake has alleged sufficient facts that, if taken as true, would confer standing. *See Texas Ass'n of Bus.*, 852 S.W.2d at 447-48; *Hays County Water*, 41 S.W.3d at 178.

In a variation of its first issue, the City also argues that Savetownlake does not make a valid open meetings act claim to confer jurisdiction on the trial court. The City's contention is that Savetownlake's claim is invalid because the City did not violate the open meetings act as alleged by Savetownlake. As we have previously noted, this argument attacks Savetownlake's right to relief under the statute, not the trial court's subject matter jurisdiction to award it. *See Concerned Cmty.*, 209 S.W.3d at 673. Such an argument is more properly raised in a motion for summary judgment. *See id.* Therefore we conclude that the trial court properly denied the City's plea to the jurisdiction, and we overrule the City's second issue.

### *Justiciable Controversy*

In its third issue, the City argues that the trial court erred in denying the City's plea to the jurisdiction because Savetownlake failed to present a justiciable controversy. The City contends that the claims raised by Savetownlake are either moot or not ripe for adjudication. We agree with the City that a declaratory judgment is only proper if there is a justiciable controversy regarding the rights and status of the parties that will be resolved by the judicial declaration sought. *See Texas Ass'n of Bus.*, 852 S.W.2d at 443-44. Nevertheless, we conclude that Savetownlake's claims are neither unripe nor moot.

The doctrines of ripeness and mootness are threshold issues that implicate subject matter jurisdiction. *See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d

439, 442 (Tex. 1998) (ripeness); *Pantera Energy Co. v. Railroad Comm'n*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.) (mootness). Ripeness focuses on when a suit may be brought and asks "whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Patterson*, 971 S.W.2d at 442. Like ripeness, mootness also concerns the issue of timing: "A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005).

Regarding ripeness, Savetownlake alleges that the City violated the open meetings act in 1999. Accepting this allegation as true, as we must, we conclude that the facts are sufficiently developed and that Savetownlake's claim is ripe for judicial review. *See Patterson*, 971 S.W.2d at 442. Regarding mootness, the City argues that it revised the ordinance regarding appeal rights in 2007 and, in light of this revision, Savetownlake's claims are now moot. But the City's argument misses the point. The legislature has created a regulatory scheme in which developers and the public may rely upon land-use regulations in effect at the time a permit application is filed. *See* Tex. Loc. Gov't Code Ann. § 245.002(a) (West 2005); *City of Helotes v. Miller*, 243 S.W.3d 704, 708-09 (Tex. App.—San Antonio 2007, no pet.). Because the permit applications for the two development projects challenged by Savetownlake in the underlying suit were filed in 2006, the prior regulations would apply to those applications. Thus, the 2007 changes to the City's ordinance regarding appeal rights do not render Savetownlake's complaints moot. *See City of Helotes*, 243 S.W.3d at 708-09. We overrule the City's third issue.

11

*Sovereign Immunity*

The City's fourth issue is another variation of its argument that Savetownlake has failed to demonstrate a violation of the open meetings act. Essentially, the City argues that because the ordinances show that no violation of the open meetings act occurred, Savetownlake has failed to invoke the open meetings act's waiver of sovereign immunity. Therefore, the trial court erred in denying the City's plea to the jurisdiction.

We express no view on the merits of the City's argument except to say that it is more appropriately raised in a motion for summary judgment than a plea to the jurisdiction. The open meetings act expressly waives sovereign immunity to allow interested persons, including Savetownlake, to bring suit against a governmental body to reverse a prior violation of the act. *See* Tex. Gov't Code Ann. § 551.142; *Hays County Water*, 69 S.W.3d at 257. The City is a governmental body as defined by the open meetings act. *See id.* § 551.001(3)(C) (West Supp. 2007). We conclude that the City's sovereign immunity has been waived by the open meetings act, and the trial court properly denied the City's plea to the jurisdiction. We overrule the City's fourth issue.

**CONCLUSION**

Having considered and overruled the City's issues on appeal, we affirm the trial court's order denying the plea to the jurisdiction and remand this cause to the trial court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson;
    Dissenting Opinion by Justice Puryear

Affirmed

Filed:   August 22, 2008