Affirmed and Memorandum Opinion filed March 26, 2009








Affirmed
and Memorandum Opinion filed March 26, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00900-CV

____________

 

THE CITY OF HOUSTON, Appellant

 

V.

 

LARRY EDGAR ESTRADA AND MAYER
BROWN, L.L.P., F/K/A MAYER, BROWN, ROWE & MAW, L.L.P., Appellees



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2004-23665

 



 

M E M O R A N D U M   O P I N I O N

Appellant City of Houston appeals from the denial of its
third plea to the jurisdiction arising from requests for information under the
Texas Public Information Act (ATPIA@).  See Tex.
Gov=t Code Ann. __ 552.001-.353
(Vernon 2004).  The city contends that the trial court erred because (1)
appellee Mayer Brown is not a statutorily defined Arequestor@ entitled to seek
mandamus relief under the TPIA; (2) the city=s handling of the
requests at issue is discretionary rather than ministerial; and (3) Mayer Brown
as a firm is not legally capable of acting as an Aattorney@ under the TPIA. 
We affirm.








Background

A jury convicted Larry Edgar Estrada of capital murder and
sentenced him to death in 1998.  The Court of Criminal Appeals affirmed Estrada=s conviction and
sentence, and the United States Supreme Court denied certiorari.  Estrada v.
State, No. AP-73,054 (Tex. Crim. App. Sept. 15, 1999) (unpublished), available
at
http://www.cca.courts.state.tx.us/opinions/OpinionInfo.asp?OpinionID=5360, cert.
denied, 531 U.S. 828 (2000).

The Court of Criminal Appeals denied Estrada=s petition for a
writ of habeas corpus on October 9, 2002.  Estrada filed a petition for a writ
of habeas corpus in the United States District Court for the Southern District
of Texas shortly thereafter.  On December 30, 2002, the District Court signed
an order appointing attorneys Charles S. Kelley and James E. Tancula to
represent Estrada in his federal habeas action.  The order does not state that
Kelley and Tancula were partners at Mayer Brown, but it does list Mayer Brown=s mailing address
as that of Kelley and Tancula.

On April 18, 2003, attorney Rebecca Stewart of Mayer Brown
sent a written request for information to the city under the TPIA in connection
with Estrada=s habeas petition.  Having received no response,
Stewart sent the city two more written TPIA requests on May 2, 2003; one
restated the April 18 request in its entirety, while the other requested any
firearms reports related to Estrada=s incident
number.  By September 12, 2003, Stewart had received no response to these
requests.  That day Stewart e-mailed copies of the April 18 request and the May
2 requests to the Houston Police Department=s open records
e-mail address.  None of Stewart=s communications
stated that she, Kelley, Tancula, or Mayer Brown represented Estrada.








On January 21, 2004, paralegal Elizabeth Hardy of Mayer Brown
sent a written request for information to the city under the TPIA seeking
records relating to eight different cause numbers involving Catalino Yanez. 
Hardy=s letter did not
state that she was representing Yanez or Estrada.  The city contacted the Texas
Attorney General on February 6, 2004 and asserted that the information
requested by Hardy was excepted from public disclosure.  The city informed
Hardy on February 18, 2004 that four of the eight cause numbers listed in the
request related to a case for which information already had been made available
to Mayer Brown, and that the remaining information was excepted from
disclosure.  The Attorney General responded to the city on March 15, 2004,
concluding that the requested information was excepted from disclosure due to
common law privacy concerns.  Hardy received copies of the correspondence
between the city and the Attorney General.

On March 18, 2004, attorney Charles S. Kelley sent 13
written requests for information to the city under the TPIA pertaining to (1)
Estrada; (2) Houston Police Department Gang Task Force investigations into
Primeros Los Carnales and three individuals; (3) Houston Police Department and
homicide files regarding five individuals; (4) criminal activity statistics for
eight specified zip codes; (5) all criminal incidents at a specified business
during the years 1979 through 1983; and (6) one specified individual=s involvement as a
victim, witness, or complainant in any criminal incident.  Kelley received no
response from the city with regard to these 13 requests.

The requests sent on April 18, 2003, May 2, 2003, September
12, 2003, January 21, 2004, and March 18, 2004 from Stewart, Hardy, and Kelley
did not state that they were made on behalf of Mayer Brown or Estrada, and did
not state that they were made by counsel for an inmate.  All of the written
requests were made on Mayer Brown letterhead.  The city=s letters to Hardy
were sent to Mayer Brown=s business address and addressed to AElizabeth A.
Hardy[;] Mayer, Brown, Rowe and Maw.@








Estrada and Mayer Brown filed a petition for writ of
mandamus in Harris County district court on May 6, 2004 asking the trial court
to direct the city to comply with the TPIA requests dated April 18, 2003, May
2, 2003, September 12, 2003, January 21, 2004, and March 18, 2004.  The city
filed a plea to the jurisdiction with regard to Estrada on September 3, 2004
arguing that Estrada lacked standing to seek mandamus relief under the TPIA
because (1) he was not a Arequestor@ as defined by the
statute; and (2) the city had discretion under the statute to ignore TPIA
requests made by incarcerated individuals.  The trial court signed an order on
October 11, 2004 granting the city=s plea and
dismissing Estrada, leaving Mayer Brown as the sole relator in the case.  The
trial court=s order does not specify the grounds on which it
granted the city=s plea with regard to Estrada.

Mayer Brown filed its third amended mandamus petition on
April 30, 2008.  The city filed its third plea to the jurisdiction with regard
to Mayer Brown on May 5, 2008.  The trial court signed an order on September 11,
2008 denying the city=s third plea.  The city filed an
interlocutory appeal from this denial on September 24, 2008.[1]

Analysis

The city
contends that the trial court erred by denying its plea to the jurisdiction
because Mayer Brown is not a Arequestor@ under the TPIA and therefore lacks standing to bring a
mandamus action under the statute.  The city further contends that even if
Mayer Brown is a Arequestor,@ it still lacks
standing because the city=s action under the TPIA with respect to
the requests is discretionary rather than ministerial.  In addition, the city
contends that Mayer Brown lacks standing because the firm is not legally
capable of serving as an inmate=s Aattorney@ under the TPIA.[2]








The city
asserts that only the individuals who signed the requests dated April 18,
2003, May 2, 2003, September 12, 2003, January 21, 2004, and March 18, 2004 qualify as Arequestors@ who have standing to seek mandamus
relief under the TPIA.  Mayer Brown contends that Stewart, Hardy, and Kelley
were the law firm=s agents acting with actual authority when they sent their
respective TPIA requests, making the firm a Arequestor@ with standing under the TPIA to seek
mandamus relief.

The TPIA
entitles persons to obtain complete information about the affairs of government
and the official acts of public officials and employees unless otherwise
expressly provided by law.  See Tex. Gov=t Code Ann. _ 552.001(a).  The TPIA is to be
construed liberally in favor of granting requests to implement its underlying
policy.  See id. _ 552.001(a), (b).

The TPIA
defines a Arequestor@ as Aa person who submits a request to a governmental body for
inspection or copies of public information.@  Id. _ 552.003(6).  A requestor may file a
petition for writ of mandamus to compel a governmental body to make information
available if that body fails to either (1) request an Attorney General=s decision; or (2) supply public
information that the Attorney General has determined is not excepted from
disclosure.  Id. _ 552.321(a). 








In Concerned
Community Involved Development, Inc. v. City of Houston, 209 S.W.3d 666,
673 (Tex. App._Houston
[14th Dist.] 2006, pet. denied), we addressed arguments that an entity seeking
mandamus relief under the TPIA (1) failed to allege that it submitted a written
request for information under the TPIA; (2) lacked standing because it was not
a Arequestor@ under the TPIA; and (3) could not
obtain a writ of mandamus.  We held that these issues went to the merits of the
case because they involved compliance with the TPIA=s statutory requirements and bore on
the entity=s right to relief.  See id. at 673-74 (citing Dubai Petroleum
Co. v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000)).  Therefore, we held that a
motion for summary judgment _ rather than a plea to the jurisdiction _ was the proper vehicle by which the
city should have challenged the entity=s right to mandamus relief under the
TPIA.  Id. at 674; see also Kazi, 12 S.W.3d at 76-77 (quoting 21
C.J.S. Courts _ 16, at 23 (1990)) (A>The right of a plaintiff to maintain
a suit, while frequently treated as going to the question of jurisdiction, has
been said to go in reality to the right of the plaintiff to relief rather than
to the jurisdiction of the court to afford it.=@).       

In the
present case, the city filed a plea to the jurisdiction to challenge Mayer
Brown=s right to seek mandamus relief under
the TPIA, just as it did in Concerned Community.  Here, as in Concerned
Community, the city contends that Mayer Brown lacks standing because it
does not qualify as a Arequestor@ under the TPIA _ a contention that goes to the merits of Mayer Brown=s right to relief.  Because the city=s challenge to Mayer Brown=s asserted status as a Arequestor@ under the TPIA goes to the merits of
Mayer Brown=s right to relief, a plea to the jurisdiction is not the appropriate
vehicle for bringing such a challenge.  The city=s arguments should have been asserted
in a motion for summary judgment.  See Concerned Cmty., 209 S.W.3d at
673-74; see also Kazi, 12 S.W.3d at 76-77.

We overrule the city=s issue regarding
Mayer Brown=s asserted status as a Arequestor@ as defined by the
TPIA.

The city
also contends that Mayer Brown lacks standing because the TPIA gives the city
discretion to withhold the requested information in this case from any
requestor other than Estrada=s attorney, and because Mayer Brown cannot serve as Estrada=s attorney.  These contentions rely
on an assertion that Mayer Brown is not a proper Arequestor@ in its own right.  If the trial
court determines Mayer Brown to be a Arequestor@ in its own right, any opinion we
might express on these issues would be an improper advisory opinion.  See
McAllen Med. Ctr. v. Cortez, 66 S.W.3d 227, 232 (Tex. 2001).  A plea to the
jurisdiction is not the appropriate means for raising these contentions.  See
Concerned Cmty., 209 S.W.3d at 673-74; see also Kazi, 12 S.W.3d at
76-77.








We overrule the city=s issues regarding
its asserted discretion under the TPIA to withhold the documents requested by
Mayer Brown and Mayer Brown=s ability to serve as Estrada=s attorney.

Conclusion

The trial court=s denial of the
city=s plea to the
jurisdiction is affirmed.

 

 

 

/s/      William J. Boyce

Justice

 

 

 

Panel consists of Justices Frost, Brown, and Boyce.









[1]           A party may appeal from an interlocutory
order of a district court that denies a plea to the jurisdiction by a
governmental unit.  Tex. Civ. Prac. & Rem. Code Ann. _ 51.014(a)(8) (Vernon 2008).  The city is a
governmental unit; therefore, we have jurisdiction over this interlocutory
appeal.  See id.; Tex. Civ. Prac. & Rem. Code Ann. _ 101.001(3)(B) (Vernon 2005).





[2]           To the extent that the city=s brief may be read to raise an issue regarding Mayer
Brown=s standing to seek attorneys= fees, we do not address the issue.  In its September
11, 2008 order denying the city=s plea to the
jurisdiction, the trial court explicitly withheld ruling on the availability of
attorneys= fees to Mayer Brown.  Therefore, we express no opinion
on the issue.  See McAllen Med. Ctr. v. Cortez, 66 S.W.3d 227, 232 (Tex.
2001).