WITHDRAWN 11-2-11
REISSUED 11-2-11



# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00060-CV

**ROBERT WALTER BONNER,**

**Appellant**

**v.**

**CITY OF BURLESON TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C201000638

## MEMORANDUM OPINION

Appellant, Robert Walter Bonner, currently incarcerated in a Tarrant County jail

and advancing pro se, challenges the trial court's granting of a plea to the jurisdiction in

favor of appellee, the City of Burleson (the "City").[1]  We reverse and remand.

---

[1] In his pro se appellant's brief, Bonner argues, by one issue, that the trial court abused its discretion in granting summary judgment in favor of the City; however, a review of the record indicates that the trial court granted the City's plea to the jurisdiction, not its motion for summary judgment. Nevertheless, we construe Bonner's issue as challenging the propriety of the trial court's order granting the City's plea to the jurisdiction.

# I. BACKGROUND

On November 15, 2010, Bonner filed an original petition for writ of mandamus seeking to compel the City to disclose a Burleson Police Department investigative report under the Texas Public Information Act ("TPIA").[2]  In particular, Bonner wanted portions of the investigative report which contained statements made by Amanda Dawn Dodd (a/k/a Amanda Dodd Bonner), now Bonner's ex-wife, on May 10, 2007. Bonner alleged that Dodd made "untrue, inflammatory, and misleading statements" in an interview with police.  Dodd's statements apparently contained allegations of suspected abuse and neglect involving children.  Bonner also indicated that, on May 20, 2008, the City informed him that the investigative report he sought "is confidential and [the City] has asked for a decision from the Attorney General about whether the information is within an exception to public disclosure."

The City responded to Bonner's petition for writ of mandamus by filing an original answer denying all of Bonner's allegations, a plea to the jurisdiction, and a motion for summary judgment.  With regard to its plea to the jurisdiction, the City argued that Bonner did not have standing to bring this action because he had not personally made the TPIA request.  Specifically, the City asserted that:

---

[2] Bonner attached to his petition for writ of mandamus a copy of an affidavit executed by Don Adams, a peace officer with the Burleson Police Department.  In his affidavit, Adams explained that, pursuant to a search warrant, several of Bonner's computers contained child pornography and were subsequently seized.  Adams also noted that he interviewed Dodd and that she "stated during the interview that Bonner had been investigated previously by the Texas Department of Family and Protective Services for a complaint relating to 'inappropriately touching' a neighbor[']s female daughter who was under the age of 18."

On or about May 8, 2008[,] the City of Burleson received a Public Information Act request via electronic mail from "Texas Brat."

. . . .

Plaintiff admits in his petition that he is not the individual who filed this request. Rather, Plaintiff alleges that the requestor was making the request on his behalf. Nowhere on the face of the request is it indicated that that [sic] the requestor was an agent of any third party, including Plaintiff. Nevertheless, as "Texas Brat" was the requestor for information under the Act, pursuant to Section 552.321, only "Texas Brat" or the Texas Attorney General have standing to bring a writ of mandamus.

Without waiving its jurisdictional arguments, the City also argued that it was not required to provide Bonner with the requested information pursuant to section 552.028(a) of the government code.[3] *See* TEX. GOV'T CODE ANN. § 552.028(a) (West 2004).

Bonner responded by filing a "Traverse to the Return" arguing, among other things, that he was the requestor of the information and that "a plea to the jurisdiction is not the appropriate vehicle for bringing such a challenge."[4] Bonner included a contract with an investigative service, American Bureau of Protective Services ("ABPS"), which was apparently retained by his family and alleged that "Texas Brat" probably was either "Jeff Arnold" or another associate from the ABPS. Bonner further argued that the information sought would assist him with his yet-to-be-filed habeas corpus petition.

---

[3] The City stated that section 552.223(a), rather than section 552.028(a), of the government code did not require it to provide Bonner with the requested information. In making this assertion, the City cited to the exact language of section 552.028(a); thus, we presume that the listing of section 552.223(a) was a typographical error. *See* TEX. GOV'T CODE ANN. § 552.028(a) (West 2004).

[4] Though this case focuses on the inquiry made by "Texas Brat," the record contains three inquiries for the information made by Bonner himself on February 8, 2010, June 17, 2010, and July 30, 2010.

The trial court scheduled hearing on this matter for February 15, 2011. However, the trial court ultimately granted the City's plea to the jurisdiction without a hearing. This appeal ensued.

## II. STANDARD OF REVIEW

Whether the trial court had subject-matter jurisdiction over a dispute is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *see Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). In reviewing the trial court's ruling on a plea to the jurisdiction, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Ferrell*, 248 S.W.3d at 156.

When a plea to the jurisdiction challenges the pleadings, as is the case here, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case, and we construe the pleadings liberally in favor of the plaintiff, while looking to the plaintiff's intent. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *see Jones v. Tex. Dep't of Criminal Justice – Inst. Div.*, 318 S.W.3d 398, 403 (Tex. App.—Waco 2010, pet. denied).

The doctrine of standing identifies suits appropriate for judicial determination. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993) (quoting *Bd. of Water Eng'rs v. City of San*

*Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (1955)). Unless standing is conferred by statute, a plaintiff must demonstrate that he "possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001). It is the plaintiff's burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445-46. Standing is a question of law subject to de novo review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). As a component of subject-matter jurisdiction, standing is never presumed and cannot be waived. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443-44. We apply the same standard of review to determine standing as we do to determine subject-matter jurisdiction generally. *Id.* at 446.

### III. APPLICABLE LAW

The TPIA entitles persons to obtain complete information about the affairs of government and the official acts of public officials and employees unless otherwise expressly provided by law. *See* TEX. GOV'T CODE ANN. § 552.001(a) (West 2004). The TPIA is to be construed liberally in favor of granting requests to implement its underlying policy. *See id.* § 552.001(a), (b). The TPIA provides that:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

*Id.* § 552.321(a) (West 2004).  A "requestor" is defined as "a person who submits a request to a governmental body for inspection or copies of public information."  *Id.* § 552.003(6) (West 2004).

## IV. DISCUSSION

Though Bonner does not recognize that the trial court granted the City's plea to the jurisdiction rather than its motion for summary judgment, he does mention that a plea to the jurisdiction was not the proper vehicle to challenge his standing as a "requestor" under section 552.321(a).  The City counters that the determination of whether Bonner was a "requestor" under section 552.321(a) is a jurisdictional issue.  The City also argues that, because he did not personally make the TPIA request, Bonner lacked standing, and thus, the trial court did not err in granting the City's plea to the jurisdiction.

In support of his contention, Bonner directs us to the Fourteenth Court of Appeals' decision in *City of Houston v. Estrada*.  No. 14-08-00900-CV, 2009 Tex. App. LEXIS 1970 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, no pet.) (mem. op.).  In *Estrada*, several lawyers and a paralegal from a law firm, Mayer Brown, made TPIA requests regarding information pertaining to an incarcerated individual, though the individual was not a client of the law firm.  *Id.* at **2-4.  The City refused to disclose the requested information, and both the incarcerated individual and Mayer Brown filed a petition for writ of mandamus under section 552.321(a) of the government code.  *Id.* at **4-5.  The City filed a plea to the jurisdiction, arguing that the incarcerated individual lacked standing to seek mandamus relief because, among other things, he was not a

"requestor" as defined by the statute. *Id.* at *5. The City filed another plea to the jurisdiction with regard to Mayer Brown. *Id.* The trial court granted the City's plea with respect to the incarcerated individual, yet it denied the City's plea with regard to Mayer Brown.[5] *Id.*

On appeal, the City challenged the trial court's denial of its plea to the jurisdiction with regard to Mayer Brown. *Id.* at *6. The City argued that the lawyers and paralegal from Mayer Brown were not "requestors" under the TPIA and, therefore, lacked standing to seek mandamus relief. *Id.* Mayer Brown countered that the lawyers and paralegal making the TPIA requests "were the law firm's agents acting with actual authority when they sent their respective TPIA requests, making the firm a 'requestor' with standing under the TPIA to seek mandamus relief." *Id.* at *7.

In affirming the trial court's denial of the City of Houston's plea, the *Estrada* court noted the following with regard to the law firm's "asserted status as a 'requestor' as defined by the TPIA":

> In *Concerned Community Involved Development, Inc. v. City of Houston*, 209 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), we addressed arguments that an entity seeking mandamus relief under the TPIA (1) failed to allege that it submitted a written request for information under the TPIA; (2) lacked standing because it was not a "requestor" under the TPIA; and (3) could not obtain a writ of mandamus. We held that these issues went to the merits of the case because they involved compliance with the TPIA's statutory requirements and bore on the entity's right to relief. *See id.* at 673-74 (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000)). Therefore, we held that a motion for summary judgment rather than a plea to the jurisdiction was the proper vehicle by which the city should have challenged the entity's right to

---

[5] It does not appear as if the incarcerated individual in *Estrada*: (1) challenged the trial court's granting of the City's plea to the jurisdiction; or (2) personally requested information from a governmental entity.

mandamus relief under the TPIA. *Id.* at 674; *see also Kazi*, 12 S.W.3d at 76-77 (quoting 21 C.J.S. *Courts* § 16, at 23 (1990)) ("'The right of a plaintiff to maintain suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'").

In the present case, the city filed a plea to the jurisdiction to challenge Mayer Brown's right to seek mandamus relief under the TPIA, just as it did in *Concerned Community*. Here, as in *Concerned Community*, the city contends that Mayer Brown lacks standing because it does not qualify as a "requestor" under the TPIA—a contention that goes to the merits of Mayer Brown's right to relief. Because the city's challenge to Mayer Brown's asserted status as a "requestor" under the TPIA goes to the merits of Mayer Brown's right to relief, a plea to the jurisdiction is not the appropriate vehicle for bringing such a challenge. The city's arguments should have been asserted in a motion for summary judgment. *See Concerned Cmty.*, 209 S.W.3d at 673-74; *see also Kazi*, 12 S.W.3d at 76-77.

*Id.* at **8-10.

Applying the holding in *Estrada* to the facts in this case, the wrong procedural vehicle—a plea to the jurisdiction—was used to grant relief to the City. *See id.* at **8-10. In response to this contention, the City directs us to the supreme court's decision in *State v. Lueck*, 290 S.W.3d 876 (Tex. 2009).[6] However, we do not find that case to be relevant in this matter. Moreover, in researching this issue, we are unable to find any

---

[6] In *Lueck*, the supreme court considered whether the elements of section 554.002(a) of the government code, otherwise known as the Texas Whistleblower Act, constituted jurisdictional facts that implicated the trial court's subject-matter jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 881-82 (Tex. 2009). According to the *Lueck* court, section 554.002(a) prohibits retaliation for reporting violations of the law to the appropriate law enforcement authority. *Id.* at 880. The supreme court concluded that the elements of section 554.002(a) could be considered jurisdictional facts when it is necessary to resolve whether a plaintiff had alleged a violation under the Texas Whistleblower Act. *Id.* at 882-84. In arriving at its conclusion, the *Lueck* court also noted that section 311.034 of the government code provides that "statutory prerequisites to suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *Id.* at 883 (citing TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010)). The City does not adequately explain how the *Lueck* decision renders *Estrada* inapposite with respect to whether this TPIA complaint should have been challenged by a summary judgment motion or a plea to the jurisdiction. Furthermore, we are unable to find any authority holding that one's status as a "requestor" is a statutory prerequisite to bring a mandamus petition pursuant to section 552.321(a) of the government code.

other case law directly on point. It is telling that the City devotes approximately half of its appellate brief to discuss that the trial court would not have erred in granting summary judgment, though the trial court did not grant summary judgment in this matter. Therefore, in applying the holding in *Estrada*, which is still good law with respect to the TPIA, we conclude that, although the trial court is correct in finding that Bonner is not entitled to the information sought, the City's motion for summary judgment is the proper procedural vehicle for making this determination rather than the City's plea to the jurisdiction.[7] *See Ferrell*, 248 S.W.3d at 156; *IT-Davy*, 74 S.W.3d at 855; *see also Estrada*, 2009 Tex. App LEXIS 1970, at **8-10. We sustain Bonner's sole issue.

## V. Conclusion

Having sustained Bonner's sole issue on appeal, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.[8]

---

[7] However, we note that it appears as if Bonner is not entitled to the information sought based on two different statutory provisions. *See* Tex. Gov't Code Ann. § 552.028(a) (providing that a governmental unit need not comply with an information request made by an incarcerated individual or an agent of the incarcerated individual, other than the incarcerated individual's attorney); *see also* Tex. Fam. Code Ann. § 261.201(a) (West Supp. 2010) (stating that an allegation of suspected abuse or neglect is not subject to public release under chapter 552 of the government code). And while we recognize that a party seeking affirmative relief must have standing to invoke a trial court's subject-matter jurisdiction, *see DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008), the supreme court has held that standing, as a component of subject-matter jurisdiction, may be raised by other procedural vehicles, such as a motion for summary judgment. *Lueck*, 290 S.W.3d at 884; *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[8] On appeal, the City urges us to "modify the trial court's disposition to grant a final summary judgment" pursuant to Texas Rules of Appellate Procedure 43.2(c) and 43.3. *See* Tex. R. App. P. 43.2(c), 43.3. However, based on our review of the record, it does not appear that the trial court considered the City's motion for summary judgment. Instead, the trial court granted the City's plea to the jurisdiction, which demonstrates that the trial court did not believe that it had jurisdiction over this matter. The City does not cite to authority indicating that we are duty-bound to grant a motion that was not considered by the trial court. We, therefore, decline to render in this case and, instead, choose to remand the case for proceedings consistent with this opinion.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray dissents)
Reversed and remanded
Opinion delivered and filed August 31, 2011
[CV06]