WITHDRAWN 11-2-11

REISSUED 11-2-11

IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00060-CV

 

Robert Walter Bonner,

                                                                                    Appellant

 v.

 

City of Burleson Texas,

                                                                                    Appellee

 

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. C201000638

 



MEMORANDUM  Opinion



 

             Appellant, Robert Walter Bonner, currently
incarcerated in a Tarrant County jail and advancing pro se, challenges the
trial court’s granting of a plea to the jurisdiction in favor of appellee, the
City of Burleson (the “City”).[1] 
We reverse and remand.




 

I.        
Background

 

On November 15,
2010, Bonner filed an original petition for writ of mandamus seeking to compel
the City to disclose a Burleson Police Department investigative report under
the Texas Public Information Act (“TPIA”).[2] 
In particular, Bonner wanted portions of the investigative report which
contained statements made by Amanda Dawn Dodd (a/k/a Amanda Dodd Bonner), now
Bonner’s ex-wife, on May 10, 2007.  Bonner alleged that Dodd made “untrue,
inflammatory, and misleading statements” in an interview with police.  Dodd’s
statements apparently contained allegations of suspected abuse and neglect
involving children.  Bonner also indicated that, on May 20, 2008, the City
informed him that the investigative report he sought “is confidential and [the
City] has asked for a decision from the Attorney General about whether the
information is within an exception to public disclosure.”

             The City responded to
Bonner’s petition for writ of mandamus by filing an original answer denying all
of Bonner’s allegations, a plea to the jurisdiction, and a motion for summary
judgment.  With regard to its plea to the jurisdiction, the City argued that
Bonner did not have standing to bring this action because he had not personally
made the TPIA request.  Specifically, the City asserted that:

On or about May 8, 2008[,] the City of
Burleson received a Public Information Act request via electronic mail from
“Texas Brat.”

 

            . . . .

 

Plaintiff admits in his petition that he
is not the individual who filed this request.  Rather, Plaintiff alleges that
the requestor was making the request on his behalf.  Nowhere on the face of the
request is it indicated that that [sic] the requestor was an agent of any third
party, including Plaintiff.  Nevertheless, as “Texas Brat” was the requestor
for information under the Act, pursuant to Section 552.321, only “Texas Brat”
or the Texas Attorney General have standing to bring a writ of mandamus. 

 

Without waiving its jurisdictional
arguments, the City also argued that it was not required to provide Bonner with
the requested information pursuant to section 552.028(a) of the government
code.[3] 
See Tex. Gov’t Code Ann. §
552.028(a) (West 2004).

             Bonner responded by filing
a “Traverse to the Return” arguing, among other things, that he was the requestor
of the information and that “a plea to the jurisdiction is not the appropriate
vehicle for bringing such a challenge.”[4] 
Bonner included a contract with an investigative service, American Bureau of
Protective Services (“ABPS”), which was apparently retained by his family and
alleged that “Texas Brat” probably was either “Jeff Arnold” or another
associate from the ABPS.  Bonner further argued that the information sought
would assist him with his yet-to-be-filed habeas corpus petition.

             The trial court scheduled
hearing on this matter for February 15, 2011.  However, the trial court
ultimately granted the City’s plea to the jurisdiction without a hearing.  This
appeal ensued.

II.     
Standard of Review

 

Whether the
trial court had subject-matter jurisdiction over a dispute is a question of law
that we review de novo.  Tex. Natural Res. Conservation Comm’n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002); see Houston Mun. Employees Pension Sys. v.
Ferrell, 248 S.W.3d 151, 156 (Tex. 2007).  In reviewing the trial court’s
ruling on a plea to the jurisdiction, we consider the facts alleged by the
plaintiff and, to the extent it is relevant to the jurisdictional issue, the
evidence submitted by the parties.  Ferrell, 248 S.W.3d at 156.

When a plea to
the jurisdiction challenges the pleadings, as is the case here, we determine if
the plaintiff has alleged facts that affirmatively demonstrate the trial
court’s jurisdiction to hear the case, and we construe the pleadings liberally
in favor of the plaintiff, while looking to the plaintiff’s intent.  City of
El Paso v. Heinrich, 284 S.W.3d 366, 378 (Tex. 2009); see Jones v. Tex.
Dep’t of Criminal Justice—Inst. Div., 318 S.W.3d 398, 403 (Tex. App.—Waco
2010, pet. denied).

The doctrine of
standing identifies suits appropriate for judicial determination.  Brown v.
Todd, 53 S.W.3d 297, 305 (Tex. 2001).  “The general test for standing in
Texas requires that there ‘(a) shall be a real controversy between the parties,
which (b) will be actually determined by the judicial declaration sought.’”  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993)
(quoting Bd. of Water Eng’rs v. City of San Antonio, 155 Tex. 111, 283
S.W.2d 722, 724 (1955)).  Unless standing is conferred by statute, a plaintiff
must demonstrate that he “possesses an interest in a conflict distinct from
that of the general public, such that the defendant’s actions have caused the
plaintiff some particular injury.”  Williams v. Lara, 52 S.W.3d 171,
178-79 (Tex. 2001).  It is the plaintiff’s burden to allege facts affirmatively
demonstrating the trial court’s jurisdiction to hear the case.  Tex. Ass’n
of Bus., 852 S.W.2d at 445-46.  Standing is a question of law subject to de
novo review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998).  As a component of subject-matter jurisdiction, standing is never
presumed and cannot be waived.  Tex. Ass’n of Bus., 852 S.W.2d at
443-44.  We apply the same standard of review to determine standing as we do to
determine subject-matter jurisdiction generally.  Id. at 446.

III.  
Applicable Law

 

The TPIA entitles persons to obtain
complete information about the affairs of government and the official acts of
public officials and employees unless otherwise expressly provided by law.  See
Tex. Gov’t Code Ann. § 552.001(a)
(West 2004).  The TPIA is to be construed liberally in favor of granting
requests to implement its underlying policy.  See id. § 552.001(a),
(b).  The TPIA provides that:

A requestor or the attorney general may
file suit for a writ of mandamus compelling a governmental body to make
information available for public inspection if the governmental body refuses to
request an attorney general’s decision as provided by Subchapter G or refuses
to supply public information or information that the attorney general has
determined is public information that is not excepted from disclosure under
Subchapter C.

 

Id. § 552.321(a) (West 2004).  A “requestor” is defined as “a
person who submits a request to a governmental body for inspection or copies of
public information.”  Id. § 552.003(6) (West 2004).

IV.  
Discussion

 

Though Bonner
does not recognize that the trial court granted the City’s plea to the
jurisdiction rather than its motion for summary judgment, he does mention that
a plea to the jurisdiction was not the proper vehicle to challenge his standing
as a “requestor” under section 552.321(a).  The City counters that the
determination of whether Bonner was a “requestor” under section 552.321(a) is a
jurisdictional issue.  The City also argues that, because he did not personally
make the TPIA request, Bonner lacked standing, and thus, the trial court did
not err in granting the City’s plea to the jurisdiction.

In support of
his contention, Bonner directs us to the Fourteenth Court of Appeals’ decision
in City of Houston v. Estrada.  No. 14-08-00900-CV, 2009 Tex. App. LEXIS
1970 (Tex. App.—Houston [14th Dist.] Mar. 26, 2009, no pet.) (mem. op.).  In Estrada,
several lawyers and a paralegal from a law firm, Mayer Brown, made TPIA
requests regarding information pertaining to an incarcerated individual, though
the individual was not a client of the law firm.  Id. at **2-4.  The
City refused to disclose the requested information, and both the incarcerated
individual and Mayer Brown filed a petition for writ of mandamus under section
552.321(a) of the government code.  Id. at **4-5.  The City filed a plea
to the jurisdiction, arguing that the incarcerated individual lacked standing
to seek mandamus relief because, among other things, he was not a “requestor”
as defined by the statute.  Id. at *5.  The City filed another plea to
the jurisdiction with regard to Mayer Brown.  Id.  The trial court
granted the City’s plea with respect to the incarcerated individual, yet it
denied the City’s plea with regard to Mayer Brown.[5] 
Id.

On appeal, the
City challenged the trial court’s denial of its plea to the jurisdiction with
regard to Mayer Brown.  Id. at *6.  The City argued that the lawyers and
paralegal from Mayer Brown were not “requestors” under the TPIA and, therefore,
lacked standing to seek mandamus relief.  Id.  Mayer Brown countered
that the lawyers and paralegal making the TPIA requests “were the law firm’s
agents acting with actual authority when they sent their respective TPIA
requests, making the firm a ‘requestor’ with standing under the TPIA to seek
mandamus relief.”  Id. at *7.

In affirming the
trial court’s denial of the City of Houston’s plea, the Estrada court
noted the following with regard to the law firm’s “asserted status as a
‘requestor’ as defined by the TPIA”:

In Concerned Community Involved
Development, Inc. v. City of Houston, 209 S.W.3d 666, 673 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied), we addressed arguments that an
entity seeking mandamus relief under the TPIA (1) failed to allege that it
submitted a written request for information under the TPIA; (2) lacked standing
because it was not a “requestor” under the TPIA; and (3) could not obtain a
writ of mandamus.  We held that these issues went to the merits of the case
because they involved compliance with the TPIA’s statutory requirements and
bore on the entity’s right to relief.  See id. at 673-74 (citing Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000)).  Therefore, we
held that a motion for summary judgment rather than a plea to the jurisdiction
was the proper vehicle by which the city should have challenged the entity’s
right to mandamus relief under the TPIA.  Id. at 674; see also Kazi,
12 S.W.3d at 76-77 (quoting 21 C.J.S.
Courts § 16, at 23 (1990)) (“’The right of a plaintiff to maintain suit,
while frequently treated as going to the question of jurisdiction, has been
said to go in reality to the right of the plaintiff to relief rather than to
the jurisdiction of the court to afford it.’”).

 

In the present case, the city filed a
plea to the jurisdiction to challenge Mayer Brown’s right to seek mandamus
relief under the TPIA, just as it did in Concerned Community.  Here, as
in Concerned Community, the city contends that Mayer Brown lacks
standing because it does not qualify as a “requestor” under the TPIA—a
contention that goes to the merits of Mayer Brown’s right to relief.  Because
the city’s challenge to Mayer Brown’s asserted status as a “requestor” under
the TPIA goes to the merits of Mayer Brown’s right to relief, a plea to the
jurisdiction is not the appropriate vehicle for bringing such a challenge.  The
city’s arguments should have been asserted in a motion for summary judgment.  See
Concerned Cmty., 209 S.W.3d at 673-74; see also Kazi, 12 S.W.3d at
76-77.

 

Id. at **8-10.  

Applying the
holding in Estrada to the facts in this case, the wrong procedural
vehicle—a plea to the jurisdiction—was used to grant relief to the City.  See
id. at **8-10.  In response to this contention, the City directs us to the
supreme court’s decision in State v. Lueck, 290 S.W.3d 876 (Tex. 2009).[6] 
However, we do not find that case to be relevant in this matter.  Moreover, in
researching this issue, we are unable to find any other case law directly on
point.  It is telling that the City devotes approximately half of its appellate
brief to discuss that the trial court would not have erred in granting summary
judgment, though the trial court did not grant summary judgment in this
matter.  Therefore, in applying the holding in Estrada, which is still
good law with respect to the TPIA, we conclude that, although the trial court
is correct in finding that Bonner is not entitled to the information sought,
the City’s motion for summary judgment is the proper procedural vehicle for
making this determination rather than the City’s plea to the jurisdiction.[7] 
See Ferrell, 248 S.W.3d at 156; IT-Davy, 74 S.W.3d at 855; see
also Estrada, 2009 Tex. App LEXIS 1970, at **8-10.  We sustain Bonner’s
sole issue.

V.     
Conclusion

 

Having sustained Bonner’s sole issue on
appeal, we reverse the judgment of the trial court and remand for proceedings
consistent with this opinion.[8]

 

 

 

 

 

AL SCOGGINS

                                                                                    Justice

 

 

Before Chief
Justice Gray,

             Justice
Davis, and

             Justice
Scoggins

             (Chief
Justice Gray dissents)

Reversed and
remanded

Opinion delivered
and filed August 31, 2011

[CV06]

 








 









[1] In his pro se appellant’s brief, Bonner
argues, by one issue, that the trial court abused its discretion in granting
summary judgment in favor of the City; however, a review of the record
indicates that the trial court granted the City’s plea to the jurisdiction, not
its motion for summary judgment.  Nevertheless, we construe Bonner’s issue as
challenging the propriety of the trial court’s order granting the City’s plea
to the jurisdiction.

 





[2] Bonner attached to his petition for
writ of mandamus a copy of an affidavit executed by Don Adams, a peace officer
with the Burleson Police Department.  In his affidavit, Adams explained that,
pursuant to a search warrant, several of Bonner’s computers contained child
pornography and were subsequently seized.  Adams also noted that he interviewed
Dodd and that she “stated during the interview that Bonner had been
investigated previously by the Texas Department of Family and Protective
Services for a complaint relating to ‘inappropriately touching’ a neighbor[’]s
female daughter who was under the age of 18.”





[3] The City stated that section
552.223(a), rather than section 552.028(a), of the government code did not
require it to provide Bonner with the requested information.  In making this
assertion, the City cited to the exact language of section 552.028(a); thus, we
presume that the listing of section 552.223(a) was a typographical error.  See
Tex. Gov’t Code Ann. § 552.028(a)
(West 2004).

 





[4] Though this case focuses on the inquiry
made by “Texas Brat,” the record contains three inquiries for the information
made by Bonner himself on February 8, 2010, June 17, 2010, and July 30, 2010.  





[5] It does not appear as if the
incarcerated individual in Estrada: (1) challenged the trial court’s
granting of the City’s plea to the jurisdiction; or (2) personally requested
information from a governmental entity.





[6] In Lueck, the supreme court
considered whether the elements of section 554.002(a) of the government code,
otherwise known as the Texas Whistleblower Act, constituted jurisdictional
facts that implicated the trial court’s subject-matter jurisdiction.  State
v. Lueck, 290 S.W.3d 876, 881-82 (Tex. 2009).  According to the Lueck
court, section 554.002(a) prohibits retaliation for reporting violations of the
law to the appropriate law enforcement authority.  Id. at 880.  The
supreme court concluded that the elements of section 554.002(a) could be
considered jurisdictional facts when it is necessary to resolve whether a
plaintiff had alleged a violation under the Texas Whistleblower Act.  Id.
at 882-84.  In arriving at its conclusion, the Lueck court also noted
that section 311.034 of the government code provides that “statutory
prerequisites to suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.”  Id. at 883
(citing Tex. Gov’t Code Ann. §
311.034 (West Supp. 2010)).  The City does not adequately explain how the Lueck
decision renders Estrada inapposite with respect to whether this TPIA
complaint should have been challenged by a summary judgment motion or a plea to
the jurisdiction.  Furthermore, we are unable to find any authority holding
that one’s status as a “requestor” is a statutory prerequisite to bring a
mandamus petition pursuant to section 552.321(a) of the government code.

 





[7] However, we note that
it appears as if Bonner is not entitled to the information sought based on two
different statutory provisions.  See Tex.
Gov’t Code Ann. § 552.028(a) (providing that a governmental unit need not
comply with an information request made by an incarcerated individual or an
agent of the incarcerated individual, other than the incarcerated individual’s
attorney); see also Tex. Fam.
Code Ann. § 261.201(a) (West Supp. 2010) (stating that an allegation of
suspected abuse or neglect is not subject to public release under chapter 552
of the government code).  And while we recognize that a party seeking
affirmative relief must have standing to invoke a trial court’s subject-matter
jurisdiction, see DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304
(Tex. 2008), the supreme court has held that standing, as a component of
subject-matter jurisdiction, may be raised by other procedural vehicles, such
as a motion for summary judgment.  Lueck, 290 S.W.3d at 884; see
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

 





[8] On appeal, the City urges us to “modify
the trial court’s disposition to grant a final summary judgment” pursuant to
Texas Rules of Appellate Procedure 43.2(c) and 43.3.  See Tex. R. App. P. 43.2(c), 43.3. 
However, based on our review of the record, it does not appear that the trial
court considered the City’s motion for summary judgment.  Instead, the trial
court granted the City’s plea to the jurisdiction, which demonstrates that the
trial court did not believe that it had jurisdiction over this matter.  The
City does not cite to authority indicating that we are duty-bound to grant a
motion that was not considered by the trial court.  We, therefore, decline to
render in this case and, instead, choose to remand the case for proceedings
consistent with this opinion.