# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00323-CV

---

### Stephen Sakonchick II, Appellant

### v.

### Travis County, Texas, Appellee

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006114, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Stephen Sakonchick II appeals from a district court's order sustaining a plea to the jurisdiction and dismissing with prejudice his constitutional challenge to a construction permit Travis County issued to the owners of a commercial property near Sakonchick's home. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (allowing accelerated interlocutory review of trial court's disposition of governmental unit's jurisdictional plea). We will affirm the order as modified herein.

## BACKGROUND

The dispositive facts of this dispute are largely uncontested. For more than 25 years, Sakonchick has owned a home on in a neighborhood known as the Bee Creek Hills Addition ("Bee Creek") in western Travis County and within the City of Austin's extra-territorial jurisdiction. *See* Tex. Gov't Code 42.001–.904 (defining and governing extra-territorial

jurisdictions). Bee Creek's only means of vehicular ingress and egress is along Canon Wren Drive, a cul-de-sac accessible from westbound Bee Cave Road (also known as FM 2244) just west of the Capital of Texas Highway (also known as State Highway Loop 360).

The Overlook at Rob Roy ("The Overlook") is a real estate development featuring a four-story mixed-use office building on the northeast corner of Bee Cave Road and Canon Wren Drive. The office building fronts on Bee Cave Road but is accessible from both Bee Cave Road and Canon Wren Drive, and The Overlook's land abuts some of Bee Creek's residential lots. Like Bee Creek, The Overlook is in an unincorporated area of Travis County but within the City of Austin's extra-territorial jurisdiction.

The Overlook's owners applied for a basic development permit to construct a parking garage and a second driveway on Canon Wren Drive. Travis County apparently did not notify the homeowners in Bee Creek of the pending permit application, but Sakonchick and his neighbors eventually learned of the application. Concerned about the possibility of increased traffic, Sakonchick began calling Travis County to voice his objections to the proposed construction and subsequently submitted his concerns in writing. Travis County ultimately issued basic development permit No. 16-12039 on August 14, 2018, to allow the "[a]ddition of a 65 space [sic] parking garage and associated water quality and stormwater detention ponds" at The Overlook. The County then sent notice of the issued permit to the residents of Bee Creek.

Unhappy that Travis County failed to address his concerns before issuing the permit, Sakonchick sued Travis County and The Overlook's owners in Travis County district court, pleading various theories under state and federal law and seeking to enjoin construction of the garage. He subsequently named the City of Austin as an additional defendant. When the defendants removed the case to federal court, *see* 28 U.S.C. § 1441 (allowing removal of any suit

2

over which the federal courts would have original jurisdiction), Sakonchick successfully moved to remand the case back to state court after amending his complaint to delete all federal claims, *see id.* § 1447(c) (governing remand of removed cases). His live petition for relief alleges that Travis County violated his right to due course of law, *see* Tex. Const. art. I, §19, by issuing the permit without first providing Sakonchick with notice and a hearing. Travis County filed a plea to the jurisdiction, which the district court sustained after an evidentiary hearing. Sakonchick filed timely appeal.

## DISCUSSION

Sakonchick presents three issues on appeal: first, he contends the district court erred by sustaining Travis County's plea to the jurisdiction; second, he argues in the alternative that the district court erred by denying him an opportunity to amend his pleadings to cure any jurisdictional defect; and third, he argues that even if his claim against Travis County is properly dismissed for want of jurisdiction, the district court erred by dismissing the claim with prejudice.

**Plea to the Jurisdiction**

In his first issue, Sakonchick contends the district court erred by finding no jurisdiction over his claim. Travis County disagrees, arguing that Sakonchick cannot overcome its immunity from suit and that the district court therefore properly sustained its plea. We review the district court's disposition of a plea to the jurisdiction de novo. *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 512 (Tex. App.—Austin 2014, no pet.).

As a political subdivision of the state, Travis County benefits from governmental immunity. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 330 & n.11 (Tex. 2006). "In Texas, governmental immunity has two components: immunity from liability, which bars enforcement of

3

a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Id*. at 332. Immunity from suit does not extend to claims arising from an unconstitutional act. *See City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 38, 39–40 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (reversing district court's denial of plea to the jurisdiction after concluding plaintiffs had not alleged viable due process theory). Yet a trial court may exercise jurisdiction over the political subdivision "only to the extent the plaintiff has pleaded a viable constitutional claim." *See id.* at 38.

Where, as here, "[the] plea to the jurisdiction challenges the existence of jurisdictional facts," and those facts implicate the merits of the plaintiff's claims, "we consider relevant evidence submitted by the parties" to the extent "necessary to resolve the jurisdictional issues raised." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)). In doing so, "we take as true all evidence favorable to the nonmovant," *id*. at 228 (citing *Scientific Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)), and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor," *id*. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28.

Sakonchick's live petition for relief alleges:

Plaintiff has been denied his Right to Procedural Due Process in the Issuance of the Site Plan Permit by the [City of Austin] and Basic Development Permit by Travis County Approving the use of TDRs,[1] and the Construction of the Proposed Garage

---

[1] Sakonchick uses the acronym TDR to refer to "transferrable development rights," a cap-and-trade system used by the City of Austin to regulate the installation of impervious groundcover by real estate developers. The City of Austin is named as a defendant but is not party to this

4

and the Drives onto Canon Wren Drive that Support It Since the TDRs Constitute a Variance and/or Special Exception for Which the [City of Austin] and Travis County Failed to Provide Public Notice and a Hearing.

Essentially, Sakonchick claims that Travis County denied him due process when it issued the basic development permit without first affording him notice or hearing, which he construes as required by certain sections of the Travis County Code.

The United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Similarly, the Texas Constitution guarantees that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. 1, § 19. "Though textually different, Texas courts generally construe the due course of law provision in the same manner as its federal counterpart, the Due Process Clause." *Lakey v. Taylor*, 435 S.W.3d 309, 317 (Tex. App.—Austin 2014, no pet.) (citing *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 658 (Tex. 2004)).

The constitutional guarantee of due process includes procedural and substantive elements. Sakonchick alleges a violation of procedural due process, but "[t]he requirements of procedural due process apply only to the deprivation of interests protected under Article I, Section 19." *See University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). Thus, our assessment of the viability of Sakonchick's claim "requires a two-part analysis: (1) we must determine whether [the plaintiff] has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, we must determine what process is due." *See id.* (citing

interlocutory appeal. Except where noted, all grammar, spelling and punctuation reflect the count as pleaded in his live petition, the 2nd Amended Petition for Relief.

5

*Logan v. Zimmerman Brush Co*., 455 U.S. 422, 428 (1982), and *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972)).

Our review of the pleadings, the record, and the briefing reveals that Sakonchick has not identified any property interest that might entitle him to due process of law with respect to the disputed permit application. As an ostensible property interest, Sakonchick alleges an "ownership of an appurtenant easement" in "the Canon Wren Drive right of way." Although Sakonchick's pleading does not explain the nature or source of this alleged easement, generally speaking an appurtenant easement is "[a]n easement created to benefit another tract of land, the use of [that] easement being incident to the ownership of that other tract." *See Easement Appurtenant*, *Black's Law Dictionary* (11th ed., 2019). Thus, as best as we can construe this assertion, Sakonchick is claiming a vested right to use Canon Wren Drive to access the property he owns in Bee Creek. He alleges that Travis County, through issuance of the basic development permit, will "deprive[] plaintiff of the right to use and enjoy his easement in Canon Wren Drive without the undue burden it places on the easement." This allegedly "undue burden," he pleads, is in the increased "congestion" along that road and in the "unreasonable safety hazard[s]" that Bee Creek's residents might encounter when entering and exiting their neighborhood.

But a vested property right is "more than a unilateral expectation" or an "abstract need or desire" on the part of the individual asserting the right. *See Lee v. Texas Workers' Comp. Comm'n*, 272 S.W.3d 806, 817 (Tex. App.—Austin 2008, no pet.). Instead, a vested property right exists when its claimant has "a legitimate claim of entitlement" to the right asserted. *See id.* Here, Sakonchick is correct that he has a vested property right in access to his home, s*ee State v. Delany*, 197 S.W.3d 297, 299 (Tex. 2006), and no one argues otherwise. He and his neighbors do not, however, have an exclusive right to use Canon Wren Drive to access the neighborhood without

6

encountering traffic or any other inconvenience typically associated with suburban life. *See Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 671–72 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

More than a decade ago, one of our sister courts in Houston soundly rejected the argument Sakonchick raises here. *See generally id.* A real estate developer had obtained a municipal permit authorizing the construction of a bridge that would connect two otherwise discontinuous sections of a road in northwest Houston. *See id.* at 669. By spanning these two sections, the proposed bridge would allow continuous travel along the road and facilitate additional retail and residential development. *See id.* A group of nearby residents objected to the permit and ultimately sued the City of Houston and the developer, alleging, *inter alia*, that by issuing the permit without a public hearing on the proposed construction, the city's public works division had violated their rights to due process and due course of law. *See id.* at 669–70. The district court denied the requested injunction, *id.* at 670, and the court of appeals affirmed, explaining:

> Rights, constitutional [or] otherwise, do not exist in a vacuum. . . . Streets and highways are primarily for the benefit of the traveling public, and only incidentally for the benefit of property owners along its way. . . . Here, there is no evidence that the bridge will be constructed on the land of any private person; that any property owner will be denied access to his property; or that any property owner will be restricted in the use of his property. It may well be that property owners along Rosslyn Road will suffer a diminution in the value of their property due to increased traffic, noise, et cetera. However, it is well established that "[t]he benefits which come and go from the changing currents of travel are not matters [with] respect to which any individual has any vested right against the judgment of the public authorities."

*Concerned Community*, 209 S.W.3d at 671–72 (quoting *State Highway Comm'n v. Humphreys*, 58 S.W.2d 144, 145 (Tex. Civ. App.—San Antonio 1933, writ ref'd), and citing *Wilson v. Taylor*, 658 F.2d 1021, 1032 (5th Cir. 1981)).

7

In the present matter, as with the aggrieved residents in *Concerned Community*, Sakonchick has not produced any evidence—or even alleged—that construction of the proposed parking garage and driveway will jeopardize his ability to access the real property he owns in Bee Creek. Nor has he alleged or produced evidence that the proposed structures will encroach on private property or restrict use of the residential real estate in the Bee Creek neighborhood. And to whatever extent Sakonchick is correct in anticipating that he and others will suffer a loss of convenience as a result of the construction or the structures, that deprivation is not one that implicates the due course protections afforded by the Texas Constitution. *See id.* Even reading his pleadings liberally, *see Miranda*, 133 S.W.3d at 226, and viewing all evidence in his favor, *see id*. at 228, we conclude Sakonchick's claim fails as a matter of law. Because Sakonchick has not pleaded a viable constitutional theory, Travis County retains its immunity from suit, *see Downstream Envtl.*, 444 S.W.3d at 38, and the district court did not err in sustaining its plea to the jurisdiction. We overrule Sakonchick's first issue.

**Repleading**

Having concluded that Sakonchick failed to establish the district court's jurisdiction over his dispute with Travis County, we turn to his second issue: whether he should have an opportunity to amend his petition for relief in an attempt to cure the jurisdictional defect. "[A] plaintiff must be given 'a reasonable opportunity to amend' his pleadings to attempt to cure the jurisdictional defects found' unless the pleadings are incurably defective." *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (quoting *Texas A&M Univ. Sys. v. Koseoglu*, 167 S.W.3d 374, 383 (Tex. App.—Waco 2005, pet. granted), and citing *Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex. 2004), and *Tex. Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867–68

8

(Tex. 2002)).  We afford a plaintiff this opportunity "only if it is possible to cure the pleading defect," *see id*. at 840, which "typically arises when the pleadings fail to allege enough jurisdictional facts to demonstrate the trial court's jurisdiction." *Ramirez*, 74 S.W.3d at 867.

In this case, the record affirmatively negates the existence of jurisdiction over Sakonchick's claim against Travis County.  On this record, Sakonchick cannot allege a vested property interest that entitles him to due course of law.  Thus, because amendment of his claim is futile, the district court did not err in denying Sakonchick an opportunity to amend.  *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (dismissing rather than remanding for repleading where party failed to establish jurisdiction over existing claim but asked for remand "to plead new claims" in an attempt to establish the district court's jurisdiction over the dispute).  We overrule the issue.

**Dismissal with Prejudice**

In his final issue on appeal, Sakonchick argues the district court erred by dismissing his claims with prejudice instead of without prejudice.  We agree.  "Dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided." *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [ 1st Dist. 1998, no pet.) (citing *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991)).  "Judgment on the merits precludes a second action by the parties on causes of action that arise out of the same subject matter." *Id*. at 723 (citing *Barr v. Resolution Trust Corp*., 837 S.W.2d 627, 630–31 (Tex. 1992)).  Thus, dismissal with prejudice will "act as a bar to any lawsuit arising out of the same facts" brought by Sakonchick against Travis County. *See id*. (punctuation revised).  Although Sakonchick's due process and due course theories fail as a matter of law, on this record we cannot conclusively say that Sakonchick

9

has no viable cause of action against the county.  We therefore sustain his third issue, delete the words "with prejudice" from the order sustaining Travis County's plea to the jurisdiction, and affirm that order as modified.  *See* Tex. R. App. P. 43.2(b).

## CONCLUSION

For the reasons set forth above, we affirm the district court's order as modified herein.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Modified and, as Modified, Affirmed

Filed:   October 30, 2019

10